FILED
2020 Feb-13 PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| **ROSELYN NANCE and ALFRED DEVOST,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. ________________** |
| | § | |
| **NORTH AMERICAN VAN LINES, INC. d/b/a North American Moving Services,** | § | |
| | § | |
| **Defendants** | § | |

# <u>NOTICE OF REMOVAL</u>

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Defendant North American Van Lines, LLC ("Defendant") files this Notice of Removal and respectfully shows the Court the following:

1. On January 27, 2020, Plaintiffs Roselyn Nance and Alfred Devost ("Plaintiffs") first filed a cause of action against Defendant, in Plaintiffs' COMPLAINT ("Complaint") in District Court, Lauderdale County, Alabama, entitled: *Roselyn Nance and Alfred Devost, v. North American Van Lines, LLC,* cause number 41-DV-2020-900030.00.

2. In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant is attached as follows:

a. Exhibit 1A – Complaint;

b. Exhibit 1B – Civil Cover Sheet; and

c. Exhibit 1C – Summons.

3. Defendant's first receipt of the Complaint was when Defendant received the Complaint and Summons on January 30, 2020. Plaintiffs' Complaint is the first cause of action against Defendant asserted by Plaintiffs.

4. This Notice of Removal is filed within thirty (30) days of Defendant's first notice or receipt of Plaintiffs' Complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

5. Plaintiffs' action against Defendant is a civil action of which this Court has original jurisdiction under the provisions of 49 U.S.C. § 14706 (the Carmack Amendment). The Carmack Amendment provides that federal courts have jurisdiction over claims against a motor carrier based on damage to cargo that occurs during interstate transport. 49 U.S.C. § 14706 (d)(3). Plaintiffs' action against Defendant could have originally been brought in this Court. Plaintiffs' action arises out of the interstate contract of carriage and 49 U.S.C. § 14706, which governs the liability of a motor carrier providing transportation services in interstate commerce within the jurisdiction of the Surface Transportation Board. *See Smith v. United Parcel Service*, 296 F.3d 1244, 1246 (11th Cir.2002); *Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003). Plaintiffs' Complaint also details factual allegations

falling within the federal question jurisdiction provided by 49 U.S.C. § 14706, 28 U.S.C. §§ 1331 and 1337(a). Plaintiffs' claims arise from Defendant's transportation of Plaintiffs' household goods and personal property from Waukegan, Illinois to Florence, Alabama. *See* Complaint, p. 1.

6. This action may be removed to this Court by Defendant pursuant to the provisions of Title 28 U.S.C. §§ 1441 and 1445(b) because (1) it is a civil action involving a claim by Plaintiff against a motor carrier for alleged loss and damage to household goods and personal property that was being transported in interstate commerce from Illinois to Alabama, and (2) the matter in controversy exceeds $10,000, exclusive of interest and costs. Almost every detail of interstate commerce is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913); *Smith v. United Parcel Service*, 296 F.3d at 1246; *Hoskins*, 343 F.3d at 778; *Wiley-Tellis v. United Parcel Service*, 2006 WL 8436754 (N.C. Ala. April 5, 2006).

7. Title 28 U.S.C. § 1441(b) provides that:

> Any-civil action of which the district courts have original jurisdiction founded on a claim or right arising under ... the laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1337(a) provides that:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, that the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

Moreover, Title 28 U.S.C. § 1445(b) makes non-removable "a civil action in any state court against a carrier ... to recover damages for delay, loss, or injury of shipments arising under Section 11706 or 14706 of Title 49, ... unless the matter in controversy exceeds $10,000 exclusive of interest and costs." Plaintiffs' claim for loss and damage to their property is alleged to be $20,000. *See* Complaint, p. 2. Because Plaintiffs' claim against Defendant arises from the interstate transportation of Plaintiffs' property, and because Plaintiffs' claim exceeds $10,000, this matter is properly removable.

8. Written notice of the filing of this Notice of Removal has been given to Plaintiffs herein, and a copy of this Notice is being filed with the District Clerk, Lauderdale County, Alabama.

WHEREFORE, Defendant removes this action from the District Court, Lauderdale County, Alabama to this Court on this 13th day of February 2020, pursuant to 28 U.S.C. § 1446.

Respectfully submitted,

/s/ Andrew P. Anderson
**Andrew P. Anderson (ASB-2929-D61A)**
**Katherine E. Carr (ASB-7572-T64L)**
Attorney for Defendant

**CARR ALLISON**
212 South Cedar Street
Florence, AL 35630
Telephone: (256) 718-6040
Facsimile: (256) 718-2150

**ATTORNEYS FOR DEFENDANT NORTH AMERICAN VAN LINES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Frank B. Potts
frankpotts@pottsyoung.com

*/s/ Andrew P. Anderson*
Andrew P. Anderson